**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **YUDELKIS MERCADO LEYVA** | **CIVIL DOCKET NO. 3:26-cv-3374**<br>**SECTION P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **DIRECTOR RICHWOOD CORRECTIONAL CENTER, ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

# MEMORANDUM ORDER

Before the Court is a PETITION FOR WRIT OF HABEAS CORPUS (the "Petition") filed pursuant to 28 U.S.C. § 2241 by pro se Petitioner Yudelkis Mercado Leyva ("Petitioner") on September 1, 2026. [Doc. 1]. Leyva is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE") and is currently detained at the Richwood Correctional Center in Monroe, Louisiana.

## I. BACKGROUND

Leyva is a native and citizen of Cuba. Through the instant Petition, she seeks immediate release from detention or a bond hearing. [Doc. 1, p. 8]. On January 7, 2026, an immigration judge ordered Petitioner removed. *See* [Doc. 1, p. 5]. According to the EOIR Automated Case Information website, while the instant Petition was pending, Petitioner's Order of Removal became final on September 25, 2026.[1]

[1] https://acis.eoir.justice.gov/en/caseInformation

## II. LAW & ANALYSIS

### *A. Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the Petition must be dismissed.

### *B. Analysis*

At the time she filed the instant Petition, Leyva was in pre-removal order detention, as the appeal of her order of removal was pending. On September 25, 2026, the Board of Immigration Appeals affirmed the immigration judge's order of removal, and her removal order became final.[2] Since then, she has been in post-removal order detention. *See* 8 U.S.C. § 1231.

---

[2] An order of removal "shall become final upon the earlier of: (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *See* 8 U.S.C. § 1101(47)(B). 8 C.F.R. § 1003.38 requires that a Notice of Appeal shall be received by the Board of Appeals within 30 calendar days of the Immigration Judge's ruling. *See Smith v. Conner*, 250 F.3d 277 (5th Cir. 2001).

Under § 1231(a)(1)(A), ICE has 90 days to remove an alien after he is ordered removed. However, the Supreme Court has held that § 1231 permits the detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months after the removal order becomes final is presumptively reasonable. *Id.*

After six months, however, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 701.

Because Leyva's removal order became final on September 25, 2026, she has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*. Thus, the instant habeas Petition should be dismissed as premature. *See Okpoju v. Ridge,* 115 F. App'x 302 (5th Cir. 2004), *cert. denied*, 544 U.S. 1066, 125 S. Ct. 2528, 161 L. Ed. 2d 1120 (2005); *see also Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011); *Agyei-Kodie v. Holder,* 418 F. App'x 317, 318 (5th Cir. 2011) (although 90-day period had expired, challenge to detention was premature because Petitioner had not been in post-removal-order custody more than six months).

## III. CONCLUSION

For the reasons stated above, Leyva's Petition fails to state a claim for relief under 28 U.S.C. § 2241.

Accordingly,

IT IS HEREBY ORDERED that the PETITION FOR WRIT OF HABEAS CORPUS [Doc. 1] be DENIED and DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Petitioner's MOTION FOR STAY OF REMOVAL PENDING PETITION FOR REVIEW [Doc. 5] is DENIED, as "[f]ederal courts lack jurisdiction over 'claims connected directly and immediately with a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.'" *Imran v. Harper*, No. 25-30370, 2026 U.S. App. LEXIS 819, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (quoting *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999)); *see also* 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders under [Chapter 12]."). "A request for stay of removal is a challenge to a removal order." *Imran v. Harper*, 2025 WL 93131, at *1 (upholding the district court's ruling that it lacked jurisdiction to stay removal despite the petitioner's argument that "his request for a stay of removal 'simply sought to preserve the status quo so the court can address his detention related claim, without interfering or reversing the underlying removal order.'").

THUS, DONE AND SIGNED in Chambers on this 22nd day of October 2026.



DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE